UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jesus M. Gonzalez, | ) |
| | ) C/A No. 1:20-cv-03687-DCC |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| Warden Phelps, | ) ORDER |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On December 15, 2020, Respondent filed a motion to dismiss. ECF No. 8. On December 16, 2020, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 9. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Petitioner did not respond. On January 4, 2021, the Magistrate Judge issued a Report recommending that the Petition be transferred to the Middle District of Florida because Petitioner is currently incarcerated at a Federal Correctional Institution ("FCI") in Coleman, Florida. ECF No. 12. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report

and the serious consequences if he failed to do so.  Petitioner failed to file objections and the time in which to do so has lapsed.[1]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated by the Magistrate Judge, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."  *Rumsfeld v.* Padilla, 542 U.S. 426,

---

[1] The Court notes that the *Roseboro* Order was returned as undeliverable.  ECF No. 11.  In the Report, the Magistrate Judge notes that Petitioner was moved to another FCI; however, the Report was sent to Petitioner's initial address.  ECF Nos. 12, 13.  The Report was not returned as undeliverable; however, out of an abundance of caution, the Report was remailed to Petitioner's address provided by the Bureau of Prisons on March 26, 2021.  ECF No. 15.  This mail has not been returned and Petitioner has not filed objections to the Report.

434–35 (2004) (citation omitted). "When a petitioner files a § 2241 petition in a court lacking jurisdiction, 'the court shall, if it is in the interest of justice, transfer such action' to a court in which the petitioner could have properly filed the petition." *United States v. Mullinax*, 706 F. App'x 134 (4th Cir. 2017) (quoting 28 U.S.C. § 1631 (2012)). Typically, "'transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.'" *Hendrickson v. United States*, 791 F.3d 354, 363 (2d Cir. 2015) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)). Accordingly, the Court finds that transfer is proper in this case.

Therefore, the Court finds that the Magistrate Judge accurately summarized the relevant facts and applicable law and adopts the Report. It is ordered that the Petition be transferred to the United States District Court for the Middle District of Florida for further consideration.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

May 20, 2021
Spartanburg, South Carolina